

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

                Plaintiff,

                -against-

OFFICE OF THE MAYOR, City Hall, New York;
OFFICE OF GOVERNOR, New York; NEW YORK
CITY CITY COUNCIL; NEW YORK STATE
ASSEMBLY AND STATE SENATE; NEW YORK
STATE ATTORNEY GENERAL.; and NEW YORK
CITY LAW DEPARTMENT,

                Defendants.
-----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-7449 (CBA)

AMON, Chief United States District Judge:

On December 11, 2014, Colonel Maurice Maynard Meyers, proceeding pro se, initiated this action against numerous entities and officials of New York State and New York City. Meyers now requests to proceed in forma pauperis, rather than pay the normal filing fee. His request is granted and the Court dismisses the action as frivolous.

## BACKGROUND

In his hand-written Complaint, Meyers appears to charge numerous state and local officials of conspiring to falsely imprison him, presumably a reference to his involuntary psychiatric commitment in Kings County Hospital. (Compl. at 1 (right-hand column).) He alleges "that conspiracy started . . . with the Bolshevik Revolution starting August 28, 1977 using mind control in at [sic] Howard School of Medicine and [illegible] today with New York State Kendra's Law [illegible]." (Id. at 2, (right-hand column).) Based on those claims, he seeks "compensatory[,] punitive [and] nominal damages above $50 billion dollars from August 28, 1977 to current." (Id.) In addition, he requests a "pro bono attorney as co-counsel," and states "upon pro bono co-counsel appointed [sic] points and authorities will be filed." (Id. at 3.)

## DISCUSSION

Because Meyers is unable to pay the necessary filing fee, the Court grants his request to proceed in forma pauperis. When considering such a request, the Court conducts an initial review of the pleadings and must dismiss the case if it determines that the allegations are frivolous or fail to state a claim. 28 U.S.C. § 1915(e)(2). In evaluating the sufficiency of the pleadings, the Court must accept as true all factual allegations and draw all inferences in the plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). Moreover, pleadings submitted pro se, like the Complaint here, are held to a less stringent standard and must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (pro se pleadings must be interpreted as raising the strongest claims suggested by the allegations).

Nevertheless, even pro se pleadings must present sufficient allegations to put the defendant on notice of "what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93. Although particularized pleadings are not required, the complaint must contain factual content sufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As such, "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. Id.

The allegations here "rise to the level of the irrational or the wholly incredible" and therefore can properly be dismissed as frivolous under 28 U.S.C. § 1915(e). See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless."). Since the Court dismisses Meyers' claims, the request for appointed counsel is denied as moot.

Although leave to amend must be granted where a pro se pleading "gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the allegations here raise no hint of a viable claim.[1] Because any attempt to pursue those allegations further would be futile, the Court denies leave to amend.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter Judgment in favor of defendants and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962)

SO ORDERED.

Dated: January 30, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[1] To the extent the Complaint's references to psychiatric malpractice and Kendra's Law relate to his involuntary commitment, Meyers will have ample opportunity to pursue those claims in his other pending action. See Meyers v. Health & Hosp. Corp., No. 14-CV-7448 (E.D.N.Y. filed Dec. 16, 2014) (challenging involuntary commitment and forced administration of psychiatric drugs).