UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COLONEL MAURICE MAYNARD MEYERS,

                Plaintiff,

                -against-

OFFICE OF THE MAYOR, City Hall, New York;
OFFICE OF GOVERNOR, New York; NEW YORK
CITY CITY COUNCIL; NEW YORK STATE
ASSEMBLY AND STATE SENATE; NEW YORK
STATE ATTORNEY GENERAL; and NEW YORK
CITY LAW DEPARTMENT,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-7449 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 19 2015 ★
BROOKLYN OFFICE

AMON, Chief United States District Judge:

On December 11, 2014, Colonel Maurice Maynard Meyers, proceeding pro se, initiated this action against numerous entities and officials of New York State and New York City. On January 30, 2015, the Court granted Meyers' request to proceed in forma pauperis and dismissed the action as frivolous. (DE # 6.)

In that Order, the Court did not explicitly address whether Federal Rule of Civil Procedure 17(c)(2) required the appointment of a guardian ad litem. (See id.) Pursuant to Rule 60(b), the Court modifies its prior Order to address that oversight. Fed. R. Civ. P. 60(b).

Meyers has presented the Court with evidence that he was adjudicated incompetent prior to being involuntarily confined in the Kings County Hospital Center. (See, e.g., Compl., DE # 1, Meyers v. Health & Hosp. Corp., 14-CV-7448 (E.D.N.Y. filed Dec. 16, 2014) (discussing state court order involuntarily committing Meyers and requiring the administration of medication over his objection).) Therefore, the Court must determine whether appointment of a guardian is necessary to protect adequately Meyers' interests. See Ferrelli v. River Manor Health Care, 323 F.3d 196, 201 (2d Cir. 2003); Fed. R. Civ. P. 17(c)(2).

After careful review of Meyers' complaint, the Court determines "that appointment of a guardian ad litem in this proceeding would be futile because it appears that no guardian could save plaintiff's claims from dismissal." Perri v. Obama, No. 11-CV-165 (ARR), 2011 WL 685826, at *3 (E.D.N.Y. Feb. 15, 2011). It is well-established that where "no substantial claim could be asserted on behalf of [an incompetent plaintiff]," the Court may dismiss the claim without prejudice. Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 135 (2d Cir. 2009).

In its prior Order, the Court found the claims here to be frivolous. (DE # 6.) The Court now makes plain that appointing a guardian ad litem to pursue such claims would waste valuable judicial resources and therefore declines to do so. The Court also clarifies that the dismissal of this action is without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962)

SO ORDERED.

Dated: February 13, 2015
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge